v. 241459 Hamilton Reserve Bank Ltd. v. Jesse Gismond et al. Grant Johnson for Appellants Mr. Gismond, Intercoastal Finance Ltd. and Ultimate Concrete. So this case presents a narrow issue for the court to examine. Did the district court apply the correct standard when assessing its supplemental jurisdiction? Appellants submit that it did not. The district court ignored decades of precedent inside the circuit and outside the circuit, establishing that where a intervener has established a right to intervene, the court necessarily possesses jurisdiction in non-diversity cases. Do any of those cases post-date the adoption of Section 1367? Yes, Your Honor. So, for example, the Tenth Circuit case Grace Church Methodist from 2006 post-dates 1367, as do several of the other cases. Anything of ours? Nothing from the Second Circuit, Your Honor. Because it, you know, when you start by saying, and I understand your position that the district court applied the wrong test, it applied the test that the statute tells it to apply, didn't it? With respect, Your Honor, that's not quite right. So the statute does not adopt the common nucleus test that the district court applied. The statute simply says it must be within the same case of controversy under Article 3. Yeah, but that's what, but isn't pretty much everybody who talks about this say that's adopting basically the Gibbs test? What makes it the same controversy is the fact that it comes from a common nucleus of operative facts. That's the Gibbs test. Your Honor, at the same time as decisions like Gibbs existed, there was also the established precedent in the Supreme Court and the Courts of Appeal that where a mandatory intervention had been established, that that, by definition, provides for jurisdiction. So while the common nucleus of fact may be the more general test, the specific test in the context of intervention as of right was traditionally simply to look to the intervention as of right. And that— So you're arguing there's a, I mean, Sharir, in 2011, we specifically said for purposes of Section 1367A, claims form part of the same case or controversy if they derive from a common nucleus of operative fact. We adopted that test in the 1367A context. I take it your argument is that there's an exception to that general rule in the context of intervention motions, in which case the operative test becomes the 24A intervention test. And we haven't yet, we've never acknowledged that exception, but you're asking us to. That's exactly right, Your Honor. And I'll note that— I'm very inconsistent with the general principle that the federal rules of civil procedure don't expand jurisdiction and that when the federal rules say you can join somebody or you can join a claim or you can intervene or you can file an impleader, those are just procedural things that assume and require that the party who's making one of those moves, that the court will have jurisdiction of the move or the move that the party is trying to make. I understood, Your Honor. So in the context of 1367, the statute specifically says that the jurisdiction shall extend to intervention and joinder of parties. So that really— Sure, if you meet the standard of 1367, because of course, I mean, you're not saying that the same rule that you're advocating here would apply in the case of joinder, that as long as you're joining somebody and you come under the appropriate rule of civil procedure, that there you have it. Section 1367 applies. I thought section 1367 applies means you can apply this test that we're adopting to cases of intervention and joinder, etc. Understood, Your Honor. So we're not talking about joinder here. We're focused specifically on intervention. I understand, but you just read me the language and you're saying it means one thing for intervention but a different thing for joinder. And the reason is because there are these old cases. Is that— Your Honor, yes. So really the focus is setting aside joinder. The focus is on intervention. And based on the pre-1990 standard, the stat courts like the Tenth Circuit and then a number of district courts have understood 1367A to have adopted that kind of prior standard in the context of intervention. So— I mean, we wouldn't have to answer that question if we disagree with you on whether you meet the Rule 24 standard, right? Your Honor, if the court disagrees with the 24A standard, then you're right. That would support affirmance. That being said, we don't think it's appropriate for the court to reach that issue here. The fact is that the district court simply addressed the common nucleus fact test and did not at all consider the Rule 24A. So we think the appropriate situation here if the court agrees that the district court applied the wrong standard is to reverse that decision and remanded the district court to assess Rule 24A in the first instance. And that we think is particularly appropriate here given the fact that Rule 24A, of course, or— I'm sorry, given the kind of particular developments that have come in the record post this appeal, including, for example, sort of new submissions that have been provided by Sri Lanka, the dissolvement of the stay, and which have kind of really put ownership of the bonds into the focus of the underlying litigation. It's an interesting question. I think what you're suggesting, you're saying I guess we have to decide the 1367 versus 24A question first because that is jurisdictional and otherwise we're just interpreting the intervention rule itself, which the district court never had an opportunity to rule on. That's right, Your Honor. The 1367A question really comes before the Rule 24A question. But wouldn't it also be the case that under the very rule you're arguing for, if 1367 somehow incorporates an exception for cases that meet 24A, then whether the case meets 24A is itself on these facts a jurisdictional question. If we had a plain old diversity case or something and somebody's trying to intervene who's diverse from everybody on the defense side, then this issue wouldn't arise and it's just a rule decision. But you're arguing that Rule 24A operates in effect as a jurisdictional standard of its own. And so if we agreed with you about Rule 24A and we agreed with you about what 1367 means, the court would have jurisdiction. But both things are relevant to jurisdiction here. That's right, Your Honor. They're both relevant to jurisdiction. Nevertheless, given that the district court never assessed Rule 24. You're not making a jurisdictional argument. I mean, we could presumably, if we think it doesn't meet 24A, affirm on that alternative ground. You're not saying it's a jurisdictional matter. We can't do that. You're just saying normal course, let the district court take the first crack at that. If we agree with your argument that 1367 carves out an exception for 24A. Your Honor, that's correct. Nevertheless, I would also note that to the extent that the court disagrees that we've established the rule or the requirements under Rule 24A, we nonetheless think that the court can exercise jurisdiction under the common nucleus of operative fact test. In other words, it's a nesting doll sort of effect. And under the common nucleus of fact test, we believe there is also jurisdiction. If we, just getting back to Rule 24A, your argument there, I mean, it's a matter of law, isn't it? Whether on this record that is established before the district court, this is intervention as of right. There's no discretion to be exercised by the district court. So aren't we in as good a position as the district court to decide whether you have established a case for intervention under 24A? So you're right, your Honor, that it is an issue of law. That being said, subsequent to the appeal, the stay in the district court was dissolved. And the parties have kind of re-engaged on summary judgment. And based on that fact, there have been additional letters relating to specifically by Sri Lanka disputing ownership by HRB of the bonds at issue. And so given that recent letter, given these subsequent developments, we do think it would be more appropriate to remand to the district court to assess under the correct standard in the first instance. How does any of that really have to do with your claim against the bank and whether or not your claim against the bank is, whatever test you're going to apply, part of the same issue? Your Honor, so Sri Lanka has argued, and this is one of its primary bases for opposing summary judgment, that HRB is not the beneficial holder of the bonds. So it's admitted in the record that they're not, I'm sorry, the record holder of the bonds. And Sri Lanka has pointed out that first, it's implausible that a bank like HRB with only about a billion dollars of assets could purchase 250 million dollars of junk bonds using its own proprietary funds. Further, they've actually pointed to the claims of the depositors like Intercoastal regarding the refusal of HRB to return their deposits. And so Sri Lanka has squarely put at issue who owns the bonds, including by pointing to depositors like Intercoastal. There's a suggestion that the depositors are the beneficial owners of the bonds? Yes, Your Honor. So Sri Lanka has argued that Sri Lanka doesn't take a clear position on who is the beneficial owner, but they've pointed to various factors indicating that it's not HRB. No, it's factors, but that's a slightly different concept from there being some plausible allegation that would render the depositors in the bank the beneficial owners of the bonds. And so that's what I'm trying to... The most I could get out of your intervening complaint was that your client deposited these monies and the bank then bought bonds, but there's no allegation that the bonds were bought on your account or in your stead or whatever. And so... Are you making a kind of constructive trust argument? That's right, Your Honor. So we believe that the circumstantial evidence here establishes the predicate to a constructive trust. So our client deposited the money at the end of 2021. It's in the record that the bank was purchasing these bonds in a series of transactions over a period from late 2021 through early 2022. And then Sri Lanka defaulted in the middle of 2022. So constructive trust is a remedy. It's not a cause of action. It's a remedy for a... It's an equitable remedy for a claim. And so does anybody who has a claim against a bank who's misappropriated money in some way have an intervention? I'm just trying to figure out that constructive trust theory. I'm also not seeing it in your intervention complaint. It looks like there are claims for damages, but I'm not seeing a constructive trust. Am I missing that in the intervention complaint? Your Honor, so I'll take those two questions in turn. So first off, if I... In terms of limiting factor, the constructive trust is... It's a flexible remedy. Nevertheless, we're in a fairly clear situation where the money has been provided to the bank. They've, based on representations regarding their use and keeping of it, they've refused to provide it back upon request and they've benefited from that refusal. So constructive trust is an equitable remedy. This fits fairly squarely within the circumstances in which courts have imposed constructive trust. Basically, you've deposited money in the bank. That means the bank owes you money, but the bank is entitled to make investments with the money. They made an imprudent investment and lost a lot of money. Why does that give you any kind of right to the items that they imprudently invested in rather than you just being another one of the many creditors of the bank after the bank gets insolvent? Right, Your Honor. So the fact is this is a fairly unique situation. HRB is not J.P. Morgan. We're not Seki. It's, we're not one of, you know, a billion depositors. HRB is small. It's almost certainly insolvent. So there's a clear tie because of that between the funds. You're a big depositor in a small bank and that's what makes the difference. A small insolvent bank, Your Honor. And so what a key part is that the funds can be, for those reasons, can be traced to the bank. Well, the bank becomes insolvent in large part because it made an imprudent investment. If the bonds were worth what they were supposedly worth, if they were getting paid interest on the bonds the way they should have been and eventually able to get repayment of the principal, there wouldn't be a problem here, would there? Your Honor, so the key point here though is that they used the money to buy the bonds. Yeah, but what's wrong with that? Does every depositor of the bank, can every depositor in the bank intervene? Is there jurisdiction to entertain a claim by every depositor of the bank? So, Your Honor, obviously any other depositors aren't in front of us. They haven't sought to intervene. So given that they've declined to do so, it's, we can't really speak to them. What I'm trying to figure out is it seems like there was a thread of your argument that suggested that because of the temporal connection between your client's deposit and the purchase of the bonds, that it was your client's money. I'm sort of doing that in air quotes because of that temporal connection rather than your client's money sort of immediately being washed into the bank's safe and then reinvested as commingled with all the other depositors. Does your client have some different claim to intervention and a constructive trust claim relative to any other depositor in the bank? Yes, Your Honor. So the reason is, first off, there's the timing. Our, the timing lines up. Our client deposited the money in late 2021 right in the midst of the series of transactions. Second, there's simply the size of deposit. So our client deposited $50 million. The, it's estimated, but the estimated cost of purchasing the bonds was probably about $120 million. So the simple size of the purchase compared, of deposit compared to the purchase really differently situates our client compared to any other creditor. Not to mention, obviously, the timing. So those key factors distinguish. Judge Nathan, I wanted to get back to your question regarding what's in the complaint. So you're correct that constructive trust is not set out as a separate claim. However, we pled the facts to support a constructive trust and there's kind of well-established case law that the court can look to the facts as pled. There doesn't need to be a separate cause of action and that's particularly relevant here given that, as you pointed out, in many jurisdictions, constructive trust is a remedy rather than its kind of own unique cause of action. Thank you. We appreciate your generosity with your time. We'll hear from you again in rebuttal and we'll hear from Attorney Feeney. Feeney? Feeney. Feeney. Good day, Your Honors. May it please the Honorable Court, it's always a pleasure to appear in this beautiful building. From the questions that Your Honors asked, I believe that those questions do provide the correct way to analyze this case and jurisdiction in particular. It is true that a few, and there were only a few, cases before the passage of the statute that loosely because the courts had made, the judge made doctrine of ancillary jurisdiction. There were a handful of cases that loosely said, held that if you meet the standards for intervention as of right, you would typically now have enough of a relationship with the main case that you could exercise what the courts called ancillary jurisdiction. Having said that, once Congress took the trouble to codify the statute, it is absolutely incumbent on district courts to first satisfy themselves as a threshold issue whether they have jurisdiction under 1367. And as Your Honor pointed out, the Second Circuit has adopted the common nucleus of operative fact. The appellant creates some confusion in his argument because for some of his argument, it sounded like he wanted the Second Circuit to pioneer to a new Article III threshold that doesn't center on common nucleus. And even if he wanted you to do that, that would still beg the question, that would still be the first question. Whether it's common nucleus or the super standard that he was alluding to which doesn't exist, the question has to be answered first. Do I have that jurisdiction under 1367? That standard is common nucleus both from this court and in the Supreme Court of the United States. The Supreme Court of the United States in the city of Chicago, 522 U.S. 156 at pinpoint site 165, made it clear that the Supreme Court expects the lower courts to use the common nucleus of operative fact. So that whole issue was a distraction. The issue is the district courts must and should first ask, including with respect to motions for intervention as of right, do I have jurisdiction under 1367A? 1367B highlights how important that is because if it happens to be a case that involves diversity, even if you met all of the standards under Rule 24A as of right, you would still not be able to exercise jurisdiction. That means that even if you had a real interest in this property, Congress is so stringent about courts' jurisdiction that you would have to bring a state law, state court case. If you were a lien holder, for example, even if you had a lien, then I guess you'd have to go to state court, assert the lien, and put all the parties that were in the federal case on notice with the state judge that if there was a judgment, in this case with the Sri Lanka Bonds, that I'm the first in line. In this case, of course, there's no lien holder. The appellant's rule would allow every unsecured creditor of every bank or any unsecured creditor in any case to use intervention as an argument to somehow get a first in line over other unsecured creditors. It would open the floodgates in a way that has never been provided for. The logical, respectfully, Your Honors, I think that this court should use this case since it's right in front of you and you've given it thought from your very perceptive questions. To avoid confusion for the lower courts, the rule should be that an intervention as of right, you should, as you always should, the lower court should ask, do I have jurisdiction under 1367A? Does it come from the common nucleus of operative fact? And then if it does, you should go to Rule 24B and then see if those are met because it could be untimely. It could be that the interests would be protected anyway. In other words, both standards have to be met. That should be the clear law. I understand your request for guidance. Assume that I understand that, but as a sequencing matter, do you think there's anything jurisdictionally wrong or inappropriate about deciding the 24A questionnaires? I think that it is. It puts the cart before the horse and I'll tell you, I'll give you an example why. Imagine Avis has a fleet of 100,000 BMWs that Avis buys from BMW and they have a lawsuit in federal court and one of the BMWs, someone has a lien on that one car. A federal court could say, that one claim, even with a lien holder, just doesn't arise from the common nucleus of operative fact. And just like I wouldn't exercise jurisdiction if it would break diversity, there's just not enough in common. This is a multi, a $20 million case about a fleet of cars and this one guy has a $30,000 lien. I don't, it doesn't meet that threshold standard. It is important to ask that question first and then go to the Rule 24. Not only as a matter of statute, versus rule, which Your Honor alluded to, but because there could be, the overall question is, that Judge Cote asked in this case, does it arise from a common nucleus of operative fact? I don't even have to get into the subsidiary issues of timeliness and so on. And I did want to... Excuse me, I think Mr. Johnson had a subsidiary argument which we may not have explored as fully, which is that it is a common nucleus of operative facts and I guess his argument extrapolating from the constructive trust idea is that yes, one part of his claim is, one thing he needs to establish is not, has nothing to do with Sri Lanka, which is just, he has to prove that he made a deposit and they refused to allow him to withdraw the money. It's an action on debt. That seems all that simple. But his, his claim is a broader claim than that. He's claiming that he has a theory that makes him the actual owner of some portion of the bonds on a constructive trust theory. So that part of his claim stems from the precise facts of the actions between Hamilton and Sri Lanka. I'm not sure I'm articulating that right because I'm not sure it makes sense, but I want you to at least be able to comment on that. Sure. The, the main action has to do with the investment of 250 million dollars in bonds from a government, Sri Lanka, that are governed by an indenture. Where there is absolutely no question from the face of this intervention complaint under Iqbal Twombly, there is no plausible claim that these investors have an interest in those bonds under any imaginable circumstance. Their own pleading makes clear they are mere depositors and then the bank in turn used the money to make investments. Not with their money. Money is fungible. Obviously, it wasn't their money. They had many other investors. Yeah, this whole thing is their money. When they put it in the bank, they don't have money. It's like they put gold bars in a safe deposit box. What they have is a debt. A debt. They are creditors of the bank and the bank has to reap on terms that require the bank to pay the money back when they ask for it. That's correct, Your Honor. And if you applied any other rule as one of the questions from Your Honors revealed, you would have any number of depositors all over the country would be able in every case in which a bank has some large stake. If the SEC was seeking forfeiture against Citibank, every depositor could say, I'm a large depositor. Elon Musk could say, I'm a large depositor. I need to get online here because I have the most money invested in Citibank. It makes no sense. You're either a secured creditor or you're not. If you're not a secured creditor, you always have the issue that you may not be able to collect or if you have some other remedy in state court. One of the ironies here is the appellant counsel kept saying that the bank is bankrupt. There's absolutely nothing in the record about that whatsoever. There's no support for that. In fact, this plaintiff has sued the bank in Puerto Rico. I'll give you the site because you can take judicial notice. The same exact claim now has been filed in Puerto Rico District Court and we moved to dismiss for many reasons. But the point is, in that case, they have two law firms in Nevis. The plaintiffs here have two law firms in Nevis who have initiated mediation and arbitration. And the bank is absolutely willing, ready and able to go through with that, which is another form, another basis for dismissal here, for denial of the motion to intervene. Because the bank is ready, willing and able to participate in arbitration, mediation in Nevis. And then if for any reason they have an argument that it's unenforceable or that we're not cooperating in that process, which we are, that would be for a Nevis court under the forum selection clause. The action number in Puerto Rico is 24CV01467. I did want to make one other point and I'm just trying to find the site from this morning I found. The standard of review for 24A is abuse of discretion in the Second Circuit. There's a split. But it should be abuse of discretion because some of the factors, such as timeliness, are obviously fact-intensive and it would be for the district court to, it would be for the district court's discretion to determine whether, oh, here it is. U.S. versus Hooker Chemicals, 749F2nd 968 990-991. In this case, I don't think that the standard of review, that was Second Circuit 1984. And again, that's 749F2nd 968 at 990-91 Second Circuit 1984. And are you talking about the standard of review now of the jurisdictional determination? No, of 24A. I was talking about under 24A. Which, in your view, we shouldn't even be getting to. Which you wouldn't get to under our analysis. That's correct. Part of your argument about abuse of discretion is that, right? What's that? I understand the point you're making now to be that we shouldn't get to it because it is, in part, because it is an abuse of discretion standard, right? Got it, sorry. Yes, and your honors, I would, Judge Nathan, I do, you did ask, could you just rule that in the alternative, the 21st standard wasn't met. My only respectful observation is to avoid 20 law review articles about that this issue has been left open. This would be a wonderful opportunity for this respected court to clarify this so that we don't have these arguments in the future that the district court should have looked at 24A. If there are no other questions, I'll... Thank you. Thank you. Appreciate it. Mr. Johnson, two minutes. Thank you, your honor. I'll try to keep it very quick. So, first off, mediation is really not at issue here. It wasn't considered by the district court and beyond that, there have been developments since then. Namely, HRB has patently refused to mediate these claims in NEVIS. It's, if there was any right to mediate and we dispute or that it's been waived clearly since we've been trying to mediate for a year and they've refused. But the court doesn't need to reach that issue. Beyond that, I think Judge Lynch picked up on a point that even if the court rejects our rule 24A argument, nevertheless, there is a common nucleus of opera fact and the court can find jurisdiction on that basis. And so, the key issue here is that common nucleus of operative fact does not need to require complete overlap of facts. It just requires substantial overlap. Here, ownership of the bonds is actually disputed below and we simply seek to assert our own claim to ownership like Sri Lanka, right, like HRB. So, beyond that, it's, I believe it's clear that the 1990 rule was that intervention leads to supplemental jurisdiction. That was in the Supreme Court. There's no indication that the statute rejected that established standard. Common nucleus was not enacted in the statute. There has been pointed to no case establishing common nucleus of fact test. In the intervention as of right context. The 10th Circuit clearly considered this issue and adopted the mandatory intervention statute under the 1367 statute. Finally, we're differently situated from other depositors based on the size of the deposit and see Lasky for that point, HRB's inability to pay and simply the time. Nothing further, Your Honor. Appreciate it. Appreciate both your arguments. Interesting issues. We'll take it under advisement. We have.